CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
4/12/2018
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| CEDRICK EURON DRAPER, *Plaintiff,* v. PINKERTON CHEVROLET – LYNCHBURG, INC., *Defendants.* | CASE NO. 6:18-CV-00049 ORDER JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff's motion to proceed *in forma pauperis* under 28 U.S.C. § 1915. Section 1915(e)(2) provides a "court shall dismiss the case [proceeding *in forma pauperis*] at any time if the court determines that . . . the action or appeal is frivolous . . . [or] fails to state a claim on which relief may be granted . . . ." The Court grants Plaintiff's motion, but dismisses the case because it is both frivolous and fails to state a claim.

Plaintiff alleges Defendant's employee "refuse[d] to offer extended service," presumably on his car, but then went on to offer this same "extended service" to a different customer. (Dkt. 1 at 4). Plaintiff alleges his age and gender were the only differences between himself and this other customer. (*Id.*). He claims this conduct violates 42 U.S.C. § 2000a. (*Id.* at 3). In a second claim, he alleges Defendant misled him through a "diagnostic report." (*Id.* at 4).

However, Section 2000a "prohibits *racial* discrimination in a 'place of public accommodation[.]'" *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 429 (4th Cir. 2006) (emphasis added). Plaintiff does not allege any racial discrimination; he alleges age and gender discrimination. Furthermore, violation of 42 U.S.C § 2000a is enforceable only through injunctive relief. 42 U.S.C. § 2000a–3(a) ("[A] civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order, may be instituted by the person aggrieved . . . ."); 42 U.S.C. § 2000a–6 (b) ("The remedies provided in

this subchapter shall be the exclusive means of enforcing the rights based on this subchapter . . . ."); *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 (1968) ("When a plaintiff brings an action under that Title, he cannot recover damages."). Accordingly, Plaintiff cannot make out a claim for damages under this statute. The Court will decline to exercise jurisdiction over any freestanding state law claims that exist. 28 U.S.C. § 1367(c)(3).

Accordingly, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, but the action is **DISMISSED**. The Clerk of the Court is directed to strike this action from the active docket. The Clerk of the Court is also directed to send a certified copy of this Order to Plaintiff.

Entered this \_\_12th\_\_ day of April, 2018.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE